## Case No. 14,551.

### UNITED STATES v. BEARD et al.

[5 McLean, 441.] [1]

Circuit Court, D. Indiana. May Term, 1853.

CONTRACTS — PRECEDENT ACTS TO BE DONE BY PLAINTIFF—DAMAGES—PLEADING.

1. Where certain work was to be done by the defendant, and certain things were to be done by the plaintiffs, to enable the defendant to perform his contract, the declaration must show that the precedent acts were done, by the government, to enable it to sustain an action for damages on the contract.

2. A demurrer reaches the first defect in pleading.

At law.

Mr. O'Neal, U. S. Dist. Atty.

OPINION OF THE COURT. This action is brought on a penal bond in the sum of $10,500, against Beard as principal, and Jesse Beard and John Perdue as securities, that the defendant, Elias S. Beard, should perform a contract made with the United States, on the 9th of April, 1846, "for furnishing materials, and building 6,900 perches of a vertical wall at Memphis, in Tennessee." The action being brought upon the penalty of the bond, the defendants craved oyer of the bond and contract, and averred general performance. The plaintiffs replied, denying that the defendants furnished the materials, built the wall as by the contract he agreed to do, and averred that the said Beard on the 26th of November, 1846, abandoned the contract, and deserted the navy yard, at Memphis, where the work was to be done; whereby the plaintiffs were obliged to employ other persons to do the work, at an increased expense over the contract, &c. To this replication the defendants demurred, and the plaintiffs joined in demurrer.

On these pleadings the question arises, whether the plaintiffs have done all that was incumbent for them to do, under the contract, to maintain this action. By the contract, Beard agreed to furnish, for the consideration named, all the materials, and build 6,900 perches of a vertical wall, at the navy yard, at Memphis, Tennessee, or so much as shall be required of him by the engineer, or other duly authorized agent of the government, of the following description, viz: "The height of the wall to be from five to thirty feet, varying according to the height of the flats, and to suit the grade of the yard. The thickness will vary from three and a half to ten feet, according to the height of the wall. It is to be commenced on the low ground, after it has been properly leveled. So much of the wall as will be below the ground, after it has been graded, is to be rubble masonry, laid without mortar, and built vertical on both sides; the stones for which are to be of the best quality of sand or lime stone, of large

[1] [Reported by Hon. John McLean, Circuit Justice.]

size, &c. After the yard has been graded, the wall is to be laid in courses, and with mortar, the courses to be from ten to twenty inches thick, &c. The work was to be completed in twelve months. The materials and work to be paid for, after inspection, retaining ten per cent. The contract is specific as to the materials to be furnished, and the quality of the work to be done, but is indefinite as to the amount to be done. This was left to certain measurements, and to the judgment of the engineer. The height of the wall was to be regulated by the elevation of the flats, and to suit the grade of the yard. It was to be commenced on the low ground, after the ground was properly leveled. This leveling of the ground, and varying the height of the wall, are not so specified in the contract as to enable the contractor to go on with the work, except under the special instruction of the engineer. It does not appear who was to do the grading. As there is no provision for this work in the contract, it was to be done, as may be presumed, by some other person than the defendant, and by what rule does not appear. If the grading was to be done by the contractor, it was indispensable that the grade should be fixed by the agent of the plaintiffs; and it appears by the contract of the defendant, that until the grading was done, the wall to be built by the defendant, could not be commenced. The government reserved the right to increase or diminish the work, paying accordingly. Under this discretion, the quantity of stone required should be stated, as if the wall should be lowered, less stone would be required.

It would seem, therefore, to be clear, that to enable the government to recover damages on this contract, for the non-performance of the work, by the defendant, it must appear that all the steps were taken by the government, to enable the defendant to commence and prosecute the work, which he had agreed to do. He could not commence the work until the ground was leveled, and instructions were given as to the height of the wall. As these were precedent acts to any action by the defendant, it was necessary to show in the declaration that they were done by the government. By the oyer pleaded, the conditions of the contract are brought into the case, and in effect must be considered as if the action had been brought upon the contract. The demurrer to the replication reaches this defect in the pleading. The demurrer is sustained. Leave will be given to amend the pleadings, on motion of the plaintiffs.